LEO EVERETT ET AL. *v*. EDWARD J. WARD ET AL.

[No. 969S198. Filed March 5, 1971.]

*Donald E. Bowen, Frank E. Spencer,* of Indianapolis, for appellants.

*David S. Richey, Parr, Richey, Obremskey, Pedersen & Morton,* of Lebanon, for appellees.

ARTERBURN, C.J.—This is an appeal from the issuance of a temporary injunction in a school consolidation and reorganization controversy.

On June 3, 1969, the appellee filed a "Verified Petition for Mandate or in the Alternative a Temporary Injunction and Permanent Injunction and Petition for Restraining Order Without Notice" against Leo Everett, Trustee of the Union School Township, Boone County, Indiana, to restrain him from maintaining possession and control over the books, records, and territorial area of Union School Township and directing him to turn such assets over to the School Board of the Eagle-Union Community School Corporation. The court issued a temporary restraining order without notice and thereafter the appellants filed a motion to dissolve the restraining order and to deny defendants' request for a temporary and permanent injunction. On August 1, 1969, the trial court overruled the appellants' motion to dissolve and issued an order continuing the restraining order as a temporary injunction. The appel-

lants argue that there was no hearing as a basis for the issuance of the temporary injunction and that the temporary injunction in fact, ousted a trustee from his office, and thus determined the title to the office by a procedure not permitted under the law.

Appellants state with reference to the hearing: ". . . there was no oral testimony presented, and the only evidence was the affidavits and certificate of the Clerk, filed with the Court by the Defendants, and set out in the Transcript of the Proceeding as follows: . . ." The appellees, however, state that these affidavits and papers were filed at the hearing to dissolve the restraining order upon which the temporary injunction was issued to prove the legality of the Eagle-Union Community School Corporation, and thus prove that its title and right to the school property was sufficient grounds for the issuance of the temporary restraining order. With this contention we must agree, since in the hearing on a temporary injunction the plaintiff need only show a prima facie right to the injunction, and is not required to make out such a case as would entitle him at all events to relief at the hearing on the merits. 16 I.L.E., *Injunction,* § 96, p. 65 and cases cited therein. This is a well settled proposition to which we need not give further consideration.

With reference to appellants' contention that the court was without jurisdiction to issue the temporary restraining order, (appellants claim the "status quo pendente lite" of the trustee's right to his office), appellees point out that the trustee is still trustee, and the case did not decide any issue as to title to the office, but only with reference to certain duties that the trustee attempted to perform, which the court found he legally had no right to do. The appellants cite the case of *State ex rel. McGovern, et al.* v. *Gilkison, Judge* (1935), 208 Ind. 416, 196 N. E. 231, and like cases, which deal with the right of a de facto officer to hold the office until the de jure title is determined. We do not have that issue here involved. We merely have the issue of whether or not the appellees made out a

prima facie case under the situation for the issuance of a temporary injunction in order that the schools might operate or prepare to operate. We take judicial notice of the fact that emergencies for the operation of schools and their preparation to open exist under such circumstances.

There are many other collateral matters stated in the briefs. It is pointed out that this controversy originated when the appellants started an action for judicial review and for a declaratory judgment as to the reorganization of the school corporation in question, and that after considerable litigation, in which an appeal was taken to the Appellate Court of Indiana and an application for supersedeas and stay of enforcement was filed with that court. The Appellate Court denied such petition on March 11, 1970, Cause No. 1169A220, *Wright, et al.* v. *Kinnard, et al.*

At the same time it is pointed out that since the filing of this appeal the trial court has confirmed a judgment in favor of appellees on the case in chief. With these matters we are not directly concerned. Our only issue here is whether or not the trial court had sufficient evidence before it to make out a prima facie case for the issuance of the temporary injunction. This we find was the case, and the order granting the temporary injunction of the trial court is affirmed.

Prentice, DeBruler and Hunter, JJ., concur; Givan, J., not participating.

NOTE.—Reported in 267 N. E. 2d 174.